UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| GARDEN RIDGE CORPORATION et al., | : | Bankr. Case No.: 04-10324 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| GARDEN RIDGE, L.P., | : | |
| | : | Bankr. Adv. Proc.: 06-50558 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL FERGUSON, | : | |
| | : | |
| Defendant. | : | |

**MOTION OF DANIEL FERGUSON FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL**

Defendant Daniel Ferguson ("Defendant"), by and through his undersigned counsel, Buchanan Ingersoll PC, hereby files this Motion, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, seeking an order from the District Court withdrawing the reference to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of the above captioned adversary proceeding and demanding jury trial and, in support thereof, states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about February 2, 2004, Garden Ridge Corporation and its affiliates, including Plaintiff, Garden Ridge, L.P. ("Plaintiff") and Garden Ridge Management, Inc. (collectively, "Garden Ridge" or "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Code" or "Bankruptcy Code"). Pursuant to 28 U.S.C. § 157(a), the case was automatically referred to the Bankruptcy Court.

2. On March 7, 2006, Plaintiff initiated an adversary proceeding ("Adversary Proceeding") by filing a complaint ("Complaint"), alleging breach of contract and seeking recovery on a Note from Defendant issued in favor of Plaintiff.

3. On April 6, 2006, Defendant filed an Answer to the Complaint in which he denied that the Bankruptcy Court has core jurisdiction over this adversary proceeding, stated that he does not consent to the entry of a final order or judgment in this matter by the Bankruptcy Court, and included a prayer for trial by jury.

4. Contemporaneously with the filing of this Motion, Defendant has filed the *Motion of Daniel Ferguson to Determine Core or Non-Core Status*, seeking a determination from the Bankruptcy Court that the pre-petition breach of contract claims raised in the Complaint are non-core in nature, because they raise no substantive right created by Title 11, United States Code, and are claims that could have been made outside of the context of the Plaintiff's bankruptcy case.

5. The instant case is a non-core matter as to which permissive withdrawal of the reference under 28 U.S.C. § 157(d) is appropriate. In addition, Defendant has made, and hereby repeats, its demand for a jury trial in the Adversary Proceeding. The Bankruptcy Court lacks

jurisdiction to conduct jury trials and, therefore, Defendant is entitled to a jury trial before the District Court.

## II.   RELIEF REQUESTED AND BASIS FOR RELIEF

6.      The withdrawal of the reference of bankruptcy cases and proceedings to the Bankruptcy Court is governed by 28 U.S.C. §157(d). Section 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d).

Pursuant to Fed. R. Bnkr. P. 5011(a), "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge."

7.      Section 157(d) provides for two types of withdrawal: mandatory and permissive. *In re American Capital Equip., LLC*, 324 B.R. 570, 572 (W.D. Pa. 2005). As Section 157 makes clear, withdrawal of the reference is mandatory only where the Bankruptcy Court would be required to interpret and decide substantive issues of federal, non-bankruptcy law. In other cases, withdrawal is a matter for the district court's discretion. This breach of contract action does not involve substantive issues of federal law mandating withdrawal, so the standards of permissive withdrawal are applicable here. *Id.*

8.      Generally, the first inquiry for a court considering permissive withdrawal is whether the bankruptcy proceeding is core or non-core. *See In re Northwestern Inst. of Psychiatry, Inc.*, 272 B.R. 104, 107 (E.D. Pa. 2001). Defendant believes this matter to be clearly non-core because it involves a simple common-law breach of contract and collection action that is neither derived from nor authorized by Title 11, and which could be freely brought against

3

Defendant in non-bankruptcy state or federal fora. This issue is addressed in the *Motion of Daniel Ferguson to Determine Core or Non-Core Status*, which Defendant has filed contemporaneously with this Motion, pursuant to Local Rule 5011-1. Because "a bankruptcy judge may not enter a final order or judgment in a non-core proceeding, a reference is much more likely to be withdrawn if the proceeding is non-core." *In re Philadelphia Training Center Corp.*, 155 B.R. 109, 112 (E.D. Pa. 1993). Defendant therefore submits that, as the claims at issue concern non-core matters as to which Defendant would otherwise be entitled to jury trial, the reference should be withdrawn.

9. Permissive withdrawal under 28 U.S.C. § 157(d) is based on "cause shown." While the statute does not provide a definition of "for cause shown", case law enumerates five factors that a district court should consider in determining whether "cause" exists: "(1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal." *In re American Capital Equip., LLC*, 324 B.R. 570, 573 (W.D. Pa. 2005) (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990)). The five factors above are non-exclusive bases for a finding of cause, and the Court is free to consider other relevant issues, including, as aforementioned, the core or non-core nature of the claims.

A.  **Cause Exists To Withdraw The Reference Based On The Five-Factor Analysis**

10. The five-factor analysis set forth in *American Capital* and *Pruitt* militates in favor of withdrawal of the reference in this instances, especially in the context of the non-core nature of Plaintiff's claims. *See American Capital*, 324 B.R. at 573. A review of those factors follows.

4

1. **Uniformity of Bankruptcy Administration and Avoidance of Forum Shopping**

11. Withdrawal of the reference will promote uniformity of bankruptcy administration and avoid forum shopping. Plaintiff's Complaint states a state-law cause of action for breach of contract that has no essential relationship to bankruptcy law or the administration of the Debtors' bankruptcy cases. Defendant may assert counterclaims, third-party claims and defenses (and has already asserted jury trial rights) against Plaintiff that have no, or merely a *de minimis*, connection to the bankruptcy court system or to Title 11. Indeed, the parties to this adversary proceeding are already parties to a pre-petition Texas state-court action brought by Mr. Ferguson that is currently stayed pursuant to 11 U.S.C. § 362, in which the claims asserted in the Complaint could be litigated as permissive counterclaims. This common-law breach of contract action, brought by post-confirmation Debtors, reaches unnecessarily beyond the Bankruptcy Court's core jurisdiction and thereby undermines the uniformity of bankruptcy administration. Moreover, the Debtors' election to file the Complaint as a Bankruptcy adversary proceeding deprives Defendant of his right to a jury trial, a right available in all other fora where the Complaint could be brought.

2. **Fostering the Economical Use of Debtor/Creditor Resources**

12. Permitting this matter to continue in the Bankruptcy Court will not foster "the economical use of debtor/creditor resources" because the claims at issue are non-core and Defendant has not consented to the Bankruptcy Court's jurisdiction as to Plaintiff's breach of contract claims, or to its entry of a final order or judgment. Rule 7012 of the Federal Rules of Bankruptcy Procedure provides that "in non-core proceedings, final orders and judgments shall not be entered on the bankruptcy judge's order, except by express consent of the parties." Fed.R.Bankr.P. 7012(b) Thus, because the Bankruptcy Court will be unable to issue a final order

5

or judgment or prepare for a jury trial, the expenditure of fees and expenses by the parties in continuing with litigation in the Bankruptcy Court will be, at best, inefficient, and at worst, wasteful.

### 3. Expediting the Bankruptcy Process

13. The Debtors' attempt to prosecute these claims in their bankruptcy cases will not "[expedite] the bankruptcy process", but will needlessly expend the judicial resources of the Bankruptcy Court, to the potential detriment of these Debtors' estates and other petitioners to the Bankruptcy Court. *Id.* While use of the Bankruptcy Court's resources is certainly appropriate for Title 11 issues, the claims alleged in the Complaint do not arise under Title 11 and are neither necessary to the administration of the Debtors' estates, nor are they claims (such as avoidance actions) that rely on the powers or status of a trustee in bankruptcy. Therefore, resolution outside of the Bankruptcy Court should be preferred.

### 4. Timeliness of Motion to Withdraw the Reference

14. Finally, the timing of Defendant's request is reasonable. *Id.* The instant Motion was filed only 30 days after the filing of the Complaint and three days after the Answer[1], which expressly asserted Defendant's belief that the claims at issue were non-core, and included his demand for jury trial and rejection of bankruptcy court jurisdiction. *See e.g. In re Almac's, Inc.*, 202 B.R. 648, ___ (D.R.I., 1996) (Motion to withdraw was timely filed two months after filing of complaint). No possible prejudice to Plaintiff or any other party will result from the filing of this Motion at this time: no scheduling order has been issued, no discovery or trial preparation has taken place, nor has the lapse of time affected the availability of witnesses or information

---

[1] The parties agreed to stay all proceedings in the Adversary Proceeding, including the filing of this Motion, as set forth on the record at the status conference held on April 11, 2006, pending mediation in the District Court appeal. That mediation concluded on or about May 19, 2006. The stay was further continued until June 21, 2006, pursuant to a subsequent stipulation, at the request of counsel to the Plaintiff. As set forth in the stipulation approved by the Court, the agreement to delay filing the Motion shall not affect the timeliness of the Motion under this analysis.

6

necessary for the Plaintiff to prove its claims. *See e.g. Auto Specialties Mfg. v. Sachs*, 134 B.R. 227, ___ (W.D. Mich. 1990).

**B.  Permissive Withdrawal Is Necessary To Protect Defendant's Seventh Amendment Rights**

15.   In addition to the factors above and the non-core nature of the claims, Defendant has asserted Seventh Amendment rights that would be denied by trial in the Bankruptcy Court. Because the Complaint asserts a private cause of action at law, these jury trial rights are constitutionally protected. Given the Bankruptcy Court's inability to conduct jury trials, withdrawal of the reference is necessary to preserve these constitutional rights.

16.   The United States Supreme Court has made clear that Seventh Amendment jury trial rights will be protected in matters involving rights of action at law that are personal in nature and that do not arise under a bankruptcy court's equitable jurisdiction -- for example, claims outside of the context of the equitable claims allowance and disallowance process. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (Seventh Amendment rights waived where party has submitted to equitable claims assessment process and action by Debtor is part of that process, but not where Debtor brings claim at law); *and see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The Third Circuit has made clear that claims of the sort asserted in its Complaint are ones in which a defendant's right to jury trial may not normally be abridged, because such claims are legal in nature, unless a defendant has consented to jurisdiction. *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245-46 (3d.Cir. 1994). Because Defendant has not consented to the jurisdiction of the Bankruptcy Court with respect to these claims, and they are not within the equitable jurisdiction of the Bankruptcy Court, the reference should be withdrawn to protect Defendant's right to a jury trial.

17. Other cases specifically support withdrawal of the reference to protect a party's right to a jury trial. *See, e.g. In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (2d Cir.1993), *cert. denied*, 511 U.S. 928 (1994); *In re Rickel & Associates, Inc.*, 2003 WL 23021972 (S.D.N.Y. 2003); *compare Beard v. Braunstein*, 914 F.2d 434 (3d Cir.1990). As articulated by this Court in *In re NDEP Corp.*, 203 B.R. 905, 908 (Del.Bankr. 1996) (*citing* 28 U.S.C. § 157(e)), "...absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in this non-core proceeding." In this case, Defendant is entitled to a jury trial but does not consent to it being conducted in the Bankruptcy Court. For this reason, cause exists to immediately withdraw the reference of this adversary proceeding.

18. According to the *Granfinanciera* Court, a three-part test applies to determining whether a claim is legal or equitable in nature (and thus whether a jury trial right would normally attach) and whether a claim at law may, notwithstanding, be subject to non-jury determination:

> [f]irst, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. ... If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

*Granfinanciera*, 492 U.S. at 41.

19. The Third Circuit has held that an action for money damages based on a breach of contract is traditionally a legal claim. *Billing*, 22 F.3d at 1245. In this case, the remedy sought is also legal in nature -- the Plaintiff seeks money damages in the form of payment on the note with interest and attorney fees. *Id.* Thus, it is clear under the *Granfinanciera* standard that this is a claim at law for which Defendant possesses a Seventh Amendment right to a jury. *Id.*

20. It remains necessary to consider, under the third prong of the *Granfinanciera* test, whether the claims raised in the Complaint may, nevertheless, be assigned to the Bankruptcy Court. *Id.* In so doing, the Third Circuit in *Billing* recognized the distinction drawn by the Supreme Court between "public rights" exercised by the government as a sovereign entity -- but also including rights exercised as part of a regulatory scheme -- which may permit a derogation from jury trial, and purely private rights. *Billing*, 22 F.3d at 1246. It specifically stated, in this regard, that "the right of a debtor to recover contract damages to augment the estate is private". *Id., citing Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72 (1982). The *Billing* Court also rejected the proposition that public rights are implicated in every matter involving the administration of a bankruptcy case. *Id.*

C. **Defendant's Jury Trial Right was not Waived by Filing a Proof of Claim on an Unrelated Matter**

21. The filing of a proof of claim does not trigger the "public right" identified in *Billing* as to unrelated matters between the same parties. While *Billing* held that matters relating to or affecting the allowance of claims, where the creditor in question had submitted a claim, are traditionally subject to bankruptcy courts' equitable jurisdiction, this holding has limitations. 22 F.3d at 1247; *and see Langenkamp*, 498 U.S. 44-5. *Billing* stated that by filing a claim, such creditor waives any objection to the bankruptcy court's jurisdiction with regard to the litigation of preference avoidance claims against such creditor, since the outcome of such claims inevitably implicates the allowance and value of the creditor's claim against the estate. *Id.* Thus, the *Billing* Court stated that "a creditor who submits a proof of claim against the bankruptcy estate has no right to a jury trial on issues raised *on defense of such a claim*." 22 F.3d at 1250 (emphasis added).

22.     The critical element of the *Billing* holding is that, pursuant to Section 502(d), a preference action serves as a defense to a creditor's unsecured claim until the creditor's preference liability is resolved. No such defense is implicated here. Not only does the Complaint assert traditionally private rights to a remedy at law unconnected to Title 11, the institution of this action by the Debtors has no bearing on the claim assessment or adjustment process. Defendant has not submitted to the jurisdiction of the Bankruptcy Court with respect to the claims raised in the Complaint, and those claims are not being raised by the Debtors as defenses to Defendant's claims against the estate. Therefore, there has been no waiver of Defendant's right to a jury trial. *Id.*

23.     To be clear, Defendant has filed a proof of claim with respect to unpaid severance and relocation benefits incident to his employment agreement with the Debtors and has litigated the nature of these obligations in the Bankruptcy Court. The Debtors, however, have taken the position in prior bankruptcy court litigation that the unpaid benefit obligations, if owed, are not owed by Plaintiff, Garden Ridge, L.P., but by a non-party to this Adversary Proceeding, Garden Ridge Management, Inc. Indeed, Debtors have commenced this Adversary Proceeding after receiving a ruling to that effect from the Bankruptcy Court.[2] While Defendant disagrees with that ruling, that ruling governs the parties unless it is reversed or remanded on appeal. As such, a determination as to whether Defendant breached his obligation to repay the Note does not primarily affect the allowability or amount of Defendant's claim. Under the logic of *Granfinanciera* and *Langenkamp*, therefore, there has been no waiver of a jury trial right with respect to the breach of contract alleged in the Complaint.

---

[2] Defendant is currently appealing the Bankruptcy Court's determination that the benefit obligations owed to Defendant were owed by a different Debtor than that to which the Note at issue in this adversary proceeding was issued.

10

24. This case, therefore, is entirely dissimilar to an avoidance action under 11 U.S.C. § 547(b), where the result affects both the amount and validity of a creditor's claim. In the case of a preference avoidance action, in addition to the disallowance of claims of an entity that fails to return an avoidable transfer, a creditor is entitled under 11 U.S.C. § 502(h) to a claim against the estate for the amount of any preferential transfer recovered and repaid to the estate. The Plaintiff-Debtor's position before the Bankruptcy Court, however, was that even if Defendant's claim for severance benefits was allowed in full, he would not be permitted to offset such claim to reduce the recovery of the instant Plaintiff on the Note. The converse necessarily follows: under the current record, Plaintiff's success or failure in establishing and enforcing the alleged breach of contract claims against Defendant will have no effect on the validity or allowability of the claims evidenced by Defendant's filed proof of claim.

25. Therefore, because Defendant is entitled to Seventh Amendment protection with respect to the claims raised in the Complaint, and because the Defendant has not waived those protections with respect to these specific claims, withdrawal of the reference is proper to permit Defendant to exercise his right to a jury trial.

**D.     The Reference Should Be Promptly Withdrawn**

26. Prompt withdrawal of the reference is appropriate in this case: there is no reason to conduct any further proceedings in the Bankruptcy Court if the District Court will ultimately conduct the trial, and the District Court is capable of handling this matter in its entirety. In this respect, a review of the *NDEP* case is instructive. In *NDEP*, the plaintiff debtor instituted an adversary proceeding alleging breach of contract, and sought the recovery of damages in the approximate amount of $68,000. The defendant demanded a trial by jury and moved to withdraw the reference. After concluding that the defendant was entitled to a trial by jury, this

11

Court granted the motion, and withdrew the reference of the adversary proceeding. As the Court reasoned:

> "Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation."

*NDEP*, 203 B.R. at 913 (*quoting Gumport v. Growth Fin. Corp.* (*In re Transcon Lines*), 121 B.R. 837, 838 (C.D. Cal. 1990)).

### WAIVER OF BRIEFING

Pursuant to D. Del. LR 7.1.2, Defendant believes that, given the limited issues raised by this Motion, full briefing is not required. However, Defendant reserves its right to file a reply to the extent necessary to respond to arguments made by Plaintiff in any response to this motion, in accordance with the applicable rules.

WHEREFORE, Defendant respectfully requests that the Court withdraw the reference of this Adversary Proceeding, grant Defendant a jury trial, and grant such other and further relief as the Court deems necessary and proper.

Dated: June 23, 2006
Wilmington, Delaware

**BUCHANAN INGERSOLL PC**

/s/ William D. Sullivan
William D. Sullivan, Esq. (#2820)
1007 North Orange Street, Suite 1110
Wilmington, DE 19801
Tel: (302) 428-5500
Fax: (302) 428-2996

*Counsel for Daniel Ferguson*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**GARDEN RIDGE CORPORATION et al.**,<br><br>Debtors.<br><br>---<br><br>**GARDEN RIDGE, L.P.**,<br><br>Plaintiff,<br><br>v.<br><br>**DANIEL FERGUSON**,<br><br>Defendant. | **Chapter 11**<br><br>Bankr. Case No.: 04-10324 (KJC)<br>Jointly Administered<br><br><br>Bankr. Adv. Proc.: 06-50558 (KJC) |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of the *Motion Of Daniel Ferguson For Withdrawal Of The Reference To The Bankruptcy Court And Demand For Jury Trial*, and after notice and hearing thereon, and for good cause shown,

IT IS HEREBY

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the reference of this Adversary Proceeding to the United States Bankruptcy Court for the District of Delaware is hereby withdrawn.

BY THE COURT:

_____
J.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **GARDEN RIDGE CORPORATION et al.,** | : | Bankr. Case No.: 04-10324 (KJC) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| **GARDEN RIDGE, L.P.,** | : | |
| | : | Bankr. Adv. Proc.: 06-50558 (KJC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DANIEL FERGUSON,** | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify that on June 23, 2006, I caused the *Motion of Daniel Ferguson for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial* to be served on the following parties by first class United States mail, postage pre-paid:

Pauline K. Morgan, Esq.
Seth K. Reidenberg, Esq.
Joseph M. Barry, Esq.
Sean T. Greecher, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building,
1000 West Street
17th Floor
Wilmington, DE 19801

/s/ *William D. Sullivan*
William D. Sullivan

#761126-v4;PHL1_GENERAL

**TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO U.S.**

**DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**Adversary Case**: 06-50558 (KJC)

**Related BK Case**: 04-10324 (KJC)

**Deputy Clerk Transferring Case**: Sherry A. Johnson

**Case Type**: Motion For Withdraw of Reference

**Parties:** Garden Ridge, L.P. -v- Daniel Ferguson

**Plaintiff's Counsel:**         **Joseph M. Barry (***LEAD ATTORNEY***)**

Young, Conaway, Stargatt & Taylor

The Brandywine Building

1000 West Street

17th Floor

Wilmington, DE 19899

302-571-6600

Fax : 302-571-1253

Email: bankruptcy@ycst.com

**Defendant's Counsel:**         **William David Sullivan**
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
302-428-8191
Fax : 302-428-8195
Email: bill@williamdsullivanllc.com