IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, *et al.*, | ) | Case No. 04-10324 (KJC) |
| | ) | |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| ──────────────────────── | ) | |
| GARDEN RIDGE, L.P., | ) | |
| | ) | Civil Action No. 06-516 (GMS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| DANIEL FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION AND ORDER REGARDING MOTION OF DANIEL FERGUSON FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL AND THE MOTION OF DANIEL FERGUSON TO DETERMINE CORE OR NON-CORE STATUS**

Garden Ridge L.P., as plaintiff herein (the "Plaintiff") and Daniel Ferguson, as defendant herein (the "Defendant"), by their undersigned counsel, hereby enter into this stipulation (the "Stipulation") with respect to the *Motion of Daniel Ferguson for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial* (the "Withdrawal Motion") and the *Motion of Daniel Ferguson to Determine Core or Non-Core Status* (the "Core Motion"):

WHEREAS, on February 14, 2006, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its *Memorandum of Opinion and Order* and *Judgment* (together, the "Order and Judgment") [*see* Docket Nos. 2064 & 2066] on the *Motion of Daniel Ferguson For Relief From The Automatic Stay Under §362(d)(1) of the Bankruptcy Code to the Extent Necessary to Set Off Mutual Debts* [*see* Docket Nos. 1518]; and

WHEREAS, on February 20, 2006, the Defendant timely appealed entry of the Order and Judgment to the United States District Court for the District of Delaware (the "District Court"), which appeal was docketed in the District Court as Civil Action No. 06-213 (the "Appeal"); and

WHEREAS, on March 7, 2006, the Plaintiff filed this action as an adversary proceeding (the "Adversary Proceeding") in the Plaintiff's currently pending chapter 11 bankruptcy case; and

WHEREAS, on April 6, 2006, the Defendant filed an answer (the "Answer") in the Adversary Proceeding; and

WHEREAS, on June 23, 2006, the Defendant filed the Withdrawal Motion and the Core Motion in the Bankruptcy Court; and

WHEREAS, the Plaintiff opposed the Withdrawal Motion and the Core Motion, including, but not limited to, the Defendant's request for a jury trial; and

WHEREAS, following the filing of the Withdrawal Motion and the Core Motion, the parties engaged in negotiations to resolve the issues raised therein; and

WHEREAS, on or about August 18, 2006, during the aforementioned negotiations, the Bankruptcy Court caused the Withdrawal Motion to be transmitted to the District Court for consideration notwithstanding that the Plaintiff had not yet filed its opposition papers thereto; and

WHEREAS, in light of the Bankruptcy Court's transmission of the Withdrawal Motion, undersigned counsel to the Plaintiff contacted George Wyselol in the office of the clerk of the Bankruptcy Court and was advised that the transmission of the Withdrawal Motion was inadvertent and that if the parties filed a consensual stipulation regarding the parties' ongoing

negotiations, the Withdrawal Motion would be withdrawn from the District Court and the District Court docket would be closed pending settlement thereof; and

WHEREAS, on August 22, 2006, the parties executed, filed and transmitted a stipulation to the Bankruptcy Court (the "Extension Stipulation") advising of the ongoing settlement discussions and extending the Plaintiff's deadline to respond to the Withdrawal Motion and the Core Motion; and

WHEREAS, on August 22, 2006, undersigned counsel to the Plaintiff (with a copy to undersigned counsel to the Defendant), confirmed with the clerk of the Bankruptcy Court by e-mail that the Withdrawal Motion would be withdrawn from consideration by the District Court in light of the Extension Stipulation; and

WHEREAS, despite assurances that the District Court docket would be closed in light of the Extension Stipulation, the District Court docket remained open and on August 31, 2006, the District Court entered an order granting the Withdrawal Motion (the "Withdrawal Order," a copy of which is annexed hereto as Exhibit A); and

WHEREAS, following entry of the Withdrawal Order, the parties continued their negotiations regarding the Withdrawal Motion and the Core Motion.

NOW, THEREFORE, subject to approval of the Court and in light of the parties' agreement prior to entry of the Withdrawal Order, it is hereby stipulated and agreed that:

1. The Withdrawal Order shall be, and hereby is, vacated.

2. Effective as of the date of Court approval of this stipulation, the reference of the Adversary Proceeding to the Bankruptcy Court shall be deemed withdrawn.

3. If, at the time the Adversary Proceeding becomes trial-ready, the Order and Judgment has been affirmed by the District Court, and no further appeal has been taken, such

that the Order and Judgment are final, then the Defendant waives his right to a jury trial in the Adversary Proceeding.

4. If, at the time the Adversary Proceeding becomes trial-ready, the Order and Judgment are not final, the Plaintiff may move to strike and/or file a written objection to the Defendant's request for a jury trial on any and all grounds, except as to a claim that this is a core proceeding.

5. If the Plaintiff moves to strike and/or files a written objection to the Defendant's request for a jury trial, the Defendant shall not raise in opposition to such motion or object timeliness or any delay arising as a result of the foregoing agreement.

6. All other rights of the parties are preserved.

7. Other than as stated herein, this Stipulation fully and finally resolves the Core Motion and the Withdrawal Motion.

Dated: Wilmington, Delaware
      October 6, 2006

WILLIAM D. SULLIVAN, LLC

/s/ William D. Sullivan (with permission)
William D. Sullivan (Del. Bar No. 2820)
4 East 8th Street, Suite 400
Wilmington, DE 19801
telephone: (302) 428-8191
facsimile: (302) 428-8195

Counsel for the Defendant

Dated: Wilmington, Delaware
      October 6, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pauline K. Morgan (Del. Bar No. 3650)
Joseph M. Barry (Del. Bar No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Plaintiff

SO ORDERED, this ___
day of October, 2006.

_____
GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN RIDGE CORPORATION et al., | Bankr. Case No.: 04-10324 (KJC) Jointly Administered |
| Debtors. | |
| GARDEN RIDGE, L.P., | |
| Plaintiff, | Bankr. Adv. Proc.: 06-50558 (KJC) |
| v. | C.A. 06-516 GMS |
| DANIEL FERGUSON, | |
| Defendant. | |

**ORDER**

AND NOW, this 31st day of August, 2006, upon consideration of the *Motion Of Daniel Ferguson For Withdrawal Of The Reference To The Bankruptcy Court And Demand For Jury Trial*, and after notice and hearing thereon, and for good cause shown, IT IS HEREBY

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the reference of this Adversary Proceeding to the United States Bankruptcy Court for the District of Delaware is hereby withdrawn.

BY THE COURT:

_____
J.