# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, *et al.*, | ) | Case No. 04-10324 (KJC) |
| | ) | |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| GARDEN RIDGE, L.P., | ) | |
| | ) | Civil Action No. 06-516 (GMS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| DANIEL FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPENING BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
Alan W. Kornberg
Justin G. Brass
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Co-Counsel for the Plaintiff

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
Pauline K. Morgan (Del. Bar No. 3650)
Joseph M. Barry (Del Bar No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
*jbarry@ycst.com*

Co-Counsel for the Plaintiff

Dated: November 17, 2006

# TABLE OF CONTENTS

                                                                                                Page

NATURE AND STAGE OF THE PROCEEDING.................................................................... 1

    I.     The Plaintiff's Bankruptcy Case ............................................................... 1

    II.    Defendant's Setoff Motion and Appeal .................................................... 1

    III.   The Adversary Proceeding......................................................................... 3

SUMMARY OF THE ARGUMENT ................................................................................... 4

UNDISPUTED FACTS ..................................................................................................... 4

ARGUMENT ..................................................................................................................... 6

    I.     Standard of Review.................................................................................... 6

    II.    Defendant Has Conceded All Necessary Elements for Breach of Contract with Respect to the Third Note ................................................................. 7

    III.   Because the Third Note is Unambiguous, It Must Be Construed as a Matter of Law and Reasonable Costs Should Be Awarded to the Plaintiff........................... 9

CONCLUSION................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Agassi v. Planet Hollywood International, Inc.,*
    269 B.R. 543 (D. Del. November 13, 2001) ............................................................. 10, 11

*Celotex Corp v. Catrett,*
    477 U.S. 317 (1986) ........................................................................................................ 6

*Coker v. Coker,*
    650 S.W.2d 391 (Tex. 1983) ........................................................................................ 10

*Cook Composites, Inc. v. Westlake Styrene Corp.,*
    15 S.W.3d 124 (Tex. App. – Houston [14th Dist.] 2000, pet. dism'd) ............................ 10

*Goss v. Bobby D. Associates,*
    94 S.W.3d 65 (Tex. App. – Tyler 2002) ......................................................................... 7

*Heritage Res., Inc. v. NationsBank,*
    939 S.W.2d 118 (Tex. 1996) ........................................................................................ 10

*In re APF Co.,*
    264 B.R. 344  (Bankr. D. Del 2001)(Walsh, J.) ............................................................. 8

*In re Garden Ridge Corporation,*
    338 B.R. 627 (Bankr. D. Del February 10, 2006) ....................................................... 2, 6

*In re Sokolowski,*
    205 F.3d 532 (2d Cir. 2000) ........................................................................................ 11

*Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.,*
    334 F.3d 423 (5th Cir. 2003) ....................................................................................... 7

*Matsushita Elec. Indus. Co., Ltd, v. Zenith Radio Corp.,*
    475 U.S. 574 (1986) ........................................................................................................ 6

*Capital Concepts Properties 85-1 v. Mutual First, Inc.,*
    35 F.3d 170 (5th Cir. 1994) ......................................................................................... 12

*Southwell v. University of Incarnate Word,*
    974 S.W.2d 351 (Tex. App. – San Antonio 1998, pet. denied) ........................................ 7

*Tracinda Corp. v. DaimlerChrysler AG Securities Litigation,*
    294 F. Supp. 2d 616 (D. Del. November 20, 2003) ......................................................... 6

*Trading Fair Houston, Inc. v. Signad, Inc.*,
    2005 Tex. App. LEXIS 5636 (Tex. July 19, 2005).......................................................... 9, 10

**Statutes**

11 U.S.C. §§ 101-1330 ........................................................................................................... 1

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................................... 6

**Other Authorities**

3 LAWRENCE P. KING, COLLIER ON BANKRUPTCY
    ¶ 355.01[1] 553 (15th ed. rev. 2001) ................................................................................ 8

## NATURE AND STAGE OF THE PROCEEDING

**I.    The Plaintiff's Bankruptcy Case**

On February 2, 2004 (the "Petition Date") and February 4, 2004, the plaintiff, Garden Ridge, L.P. (the "Plaintiff") and five affiliated entities (collectively with the Plaintiff, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors own and operate a leading home décor retailer with 35 stores in 13 states throughout the South, Midwest and Mid Atlantic regions.

On March 29, 2005, the Debtors filed their *First Amended Joint Plan of Reorganization (Corrected) Under Chapter 11 of the Bankruptcy Code* (the "Plan") in the Bankruptcy Court. On April 28, 2005, the Bankruptcy Court entered an order confirming the Debtors' Plan. The effective date of the Plan was May 12, 2005 (the "Effective Date"). According to the Plan, claimants holding general unsecured claims of $37,000 or less will receive a cash dividend of approximately 10%, whereas claimants holding general unsecured claims greater than $37,000 will receive a distribution of preferred shares of stock in the reorganized entity.

**II.    Defendant's Setoff Motion and Appeal**

On April 14, 2005, the defendant Daniel Ferguson ("Defendant" or "Ferguson") filed his *Motion of Daniel Ferguson for Relief from the Automatic Stay Under § 362(d)(1) of the Bankruptcy Code to the Extent Necessary to Set Off Mutual Debts* in the Bankruptcy Court (the

"Setoff Motion") [*see* Bankruptcy Docket No. 1518].[1]  By his Setoff Motion, the Defendant

sought authority to set off a debt allegedly owed to him by Garden Ridge Management, Inc., the

general partner of the Plaintiff, with a liability the Defendant owes directly to the Plaintiff.

The Debtors filed an objection to the relief requested in the Setoff Motion on June

10, 2005 [*see* Bankruptcy Docket No. 1725] to which Defendant replied on June 22, 2005 [*see*

Bankruptcy Docket No. 1753].

Following the completion of discovery, the Bankruptcy Court heard oral

argument on November 16, 2005.  At the conclusion of oral argument, the Bankruptcy Court

requested that the parties submit post-hearing briefs in support of their positions.  On November

30, 2005, the Debtors and Defendant each filed post-argument briefs in support of their

respective positions [*see* Bankruptcy Docket Nos. 1996 and 1997, respectively].

On February 10, 2006, the Bankruptcy Court issued its *Memorandum of Opinion*

*and Order* (the "Order") [*see* Bankruptcy Docket No. 2064] denying the Setoff Motion and

determining that a claim of setoff was not available to the Defendant with regard to the

Plaintiff's note-claims. [2]  *See In re Garden Ridge Corporation*, 338 B.R. 627 (Bankr. D. Del

February 10, 2006).

The Defendant timely appealed entry of the Order (the "Appeal").  Briefing on the

Appeal was completed on August 11, 2006.  No stay of this action has been sought pending

appeal.

---

[1]  A copy of the Setoff Motion is included as Exhibit A to the Affidavit of Joseph M. Barry (the "Barry Affidavit") filed contemporaneously herewith and in support hereof.

[2]  *See* Barry Affidavit, Exhibit B.

2

## III.   The Adversary Proceeding

On March 7, 2006, the Plaintiff filed a complaint (the "Complaint") in the Bankruptcy Court commencing the instant adversary proceeding (the "Adversary Proceeding") against the Defendant in the Plaintiff's pending bankruptcy case.[3]  During his employment with Garden Ridge Management, Inc. (the general partner of the Plaintiff), the Defendant executed three notes in favor of the Plaintiff and subsequently breached his obligations under all three notes.  By the Complaint, the Plaintiff seeks to recover from the Defendant the amounts due under the three notes and attorneys' fees and costs as permitted under the express terms of the notes.

On April 6, 2006, the Defendant answered the Complaint (the "Answer").[4]

On June 23, 2006, the Defendant filed the *Motion of Daniel Ferguson for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial* (the "Withdrawal Motion") and the *Motion of Daniel Ferguson to Determine Core or Non-Core Status* (the "Core Motion"), seeking to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court.[5]  On October 6, 2006, the parties executed a stipulation consenting to the withdrawal of the Adversary Proceeding from the Bankruptcy Court, which stipulation was approved by this Court by order dated October 13, 2006.

The Plaintiff now moves for partial summary judgment with regard to Counts III and IV of the Complaint.[6]

---

[3]   *See* Barry Affidavit, Exhibit C.

[4]   *See* Barry Affidavit, Exhibit D.

[5]   *See* Barry Affidavit, Exhibit E and F, respectively.

[6]   Count III of the Complaint alleges breach of contract of the Third Note (as defined below).  As discussed below, the Defendant has already conceded each element of the Plaintiff's breach of contract claim with respect to the Third Note.  Because the Defendant has not conceded all elements

3

## SUMMARY OF THE ARGUMENT

1.      The Defendant has admitted all facts necessary to prove breach of the

Third Note and, therefore, summary judgment is appropriate as to Count III.

2.      The Plaintiff is entitled to reasonable costs in defending the Setoff Motion,

Appeal and prosecuting this Adversary Proceeding since the Third Note is unambiguous and

must be construed as a matter of law.

## UNDISPUTED FACTS

On March 8, 2001, the Defendant executed a note (the "First Note")[7] in favor of

the Plaintiff in the principal amount of $250,000, plus interest at the rate of 5.75% per annum.

January 1, 2002, the Defendant executed a second, replacement note (the "Second

Note")[8] in favor of the Plaintiff in the principal amount of $250,000, plus interest at the rate of

2.75% per annum.[9]

On January 1, 2003, the Defendant executed a third, replacement note (the "Third

Note") in favor of the Plaintiff in the principal amount of $250,000, plus interest at the rate of

2.75% per annum.[10]

The Third Note provides that

> If any holder of this note retains an attorney in connection with any []
> default or to collect, enforce or defend this note…in any lawsuit…,
> reorganization, bankruptcy or other proceeding, or if the Maker sues any

---

of breach of contract with respect to the First Note (Count I) and the Second Note (Count II),
summary judgment on those counts is not being sought at this time.

[7]    *See* Barry Affidavit, Exhibit G.

[8]    *See* Barry Affidavit, Exhibit H.

[9]    As noted above, the Plaintiff is not seeking summary judgment with respect to the First Note or the
Second Note at this time.

[10]   *See* Barry Affidavit, Exhibit I.

4

> holder in connection with this note or any such papers and does not
> prevail, then Maker agrees to pay to each such holder, in addition to
> principal and interest, all reasonable costs and expenses incurred by such
> holder in trying to collect this note or in any such suit or proceeding,
> including reasonable attorneys' fees.

Third Note, at p. 1; *see also* Answer, at ¶ 19 ("Admitted only that the language referred to…is contained in the Third Note.").

The Third Note became due and payable upon the earlier to occur of (i) thirty (30) days after the closing of the sale of the Defendant's real property in Michigan, (ii) the date of the Defendant's termination of employment with or without cause, and (iii) December 31, 2003. *See* Answer, at ¶ 22 ("Admitted").

In or about September 2003, the Defendant's employment was terminated. *See id.* at ¶ 23 ("Admitted").

The final maturity date of the Third Note has passed. *See id.* at ¶ 24 ("Admitted").

The Defendant has conceded in various documents filed in the Debtors' bankruptcy cases that the Third Note is valid and enforceable and the full amount of the Third Note is due and owing. *See, e.g.,* Setoff Motion, at ¶ 7 ("As of the Petition Date, Mr. Ferguson was indebted to the Debtors in the sum of $250,000"); *id.* at ¶ 17 (characterizing the Debtors' Note claim as "valid" and "enforceable"); Proof of Claim filed by the Defendant (the "Proof of Claim"), at p. 3 ("$250,000 [is] owed to Garden Ridge pursuant to a promissory note dated January 1, 2003.").[11]

The Defendant has made no payments in satisfaction of the Third Note. *See* Answer, at ¶ 25 ("Admitted").

---

[11] *See* Barry Affidavit, Exhibit J.

5

The Plaintiff fully performed its obligations under the Notes. *See id.* at ¶ 26 ("Admitted").

In order to defend the Third Note against the Defendant's claim of setoff as set forth in the Setoff Motion, the Plaintiff utilized the services of the undersigned counsel, and, in connection therewith, the Plaintiff was successful in defending the Third Note. *See In re Garden Ridge Corporation*, 338 B.R. at 642 (Defendant's "motion for relief from stay in order to effectuate a setoff is not well premised and is hereby denied.").

## ARGUMENT

### I.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Tracinda Corp. v. DaimlerChrysler AG Securities Litigation*, 294 F. Supp. 2d 616, 619 (D. Del. November 20, 2003). "To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Id.* at 619-620 *quoting Matsushita Elec. Indus. Co., Ltd, v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment when "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986).

DB01:2154230.5

062883.1001

As discussed below, entry of summary judgment with respect to Count III of the

Complaint – breach of the Third Note – is appropriate since the Defendant has conceded each

element of Count III, there exists no material issue of fact and the Plaintiff is entitled to judgment

as a matter of law.  Entry of summary judgment with respect to Count IV – reasonable costs and

expenses, including attorneys fees and costs – is appropriate since the Third Note is

unambiguous and the Court must construe the Third Note as a matter of law.

## II.    Defendant Has Conceded All Necessary Elements for Breach of Contract with Respect to the Third Note

Under Texas law, "[t]he elements of breach of contract are (1) the existence of a

valid contract, (2) the performance or tendered performance by the claimant, (3) a breach of the

contract by the defendant, and (4) damages resulting from that breach."[12]  *Goss v. Bobby D.*

*Associates*, 94 S.W.3d 65, 68 (Tex. App. – Tyler 2002) *citing Southwell v. University of*

*Incarnate Word,* 974 S.W.2d 351, 354-55 (Tex. App. – San Antonio 1998, pet. denied); *see*

*Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.*, 334 F.3d 423,

427 (5th Cir. 2003) ("A successful breach of contract claim consists of: (1) a valid contract, (2)

performed by the plaintiff, and (3) breached by the defendant, (4) resulting in damage to the

plaintiff.").  The Defendant has conceded each of these elements.

With respect to the existence of a valid contract, as noted above, the Defendant

has conceded in various documents filed in the Plaintiff's bankruptcy case that the Third Note is

valid and enforceable and the full amount of the Third Note is due and owing.  *See, e.g.*, Setoff

Motion, at ¶ 7 ("As of the Petition Date, Mr. Ferguson was indebted to the Debtors in the sum of

---

[12]  The Third Note states that "This note shall be governed by and construed in accordance with the laws of the State of Texas…" Third Note, at p. 3.  The Defendant does not contest that Texas law governs the Third Note. *See* Setoff Motion, at ¶ 19 (Describing "Texas law" as "the governing law of the [Third Note]").

$250,000"); *id.* at ¶ 17 (characterizing the Debtors' Note claim as "valid" and "enforceable");
Proof of Claim, at p. 3 ("$250,000 [is] owed to Garden Ridge pursuant to a promissory note
dated January 1, 2003."). Moreover, at his deposition in connection with the Setoff Motion, the
Defendant conceded that the Third Note is due and owing. *See* Transcript of Deposition of
Daniel Ferguson, *In re Garden Ridge Corporation*, Ch. 11 Case No. 04-10324 (RB) (Bankr. D.
Del. October 27, 2005) (the "Ferguson Transcript"), at p. 15, ln. 9-11, 15-16, 20 ("Q: Is it fair to
say that under the terms of this note, you currently owe Garden Ridge, L.P. $250,000 plus
interest?...A: Yes. I hesitate only because I'm not sure on the interest piece of it. But, yes...I
owe Garden Ridge $250,000."); *id.* at p. 16, ln. 4-8, 11 ("You just testified that you owed Garden
Ridge, L.P. $250,000 plus interest under this note. A: Okay. Q: Is that an accurate
characterization of your testimony....A: Yes.").[13]

Indeed, in order to assert his setoff claim, the Defendant had to, and did – as a
matter of law – admit to validity and enforceability of the Plaintiff's claims under the Third Note
since the Bankruptcy Code will recognize and preserve a creditor's otherwise valid right of setoff
only where such creditor owes a valid and enforceable prepetition debt to the estate. *See* 3
LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 355.01[1], at 553-7 (15th ed. rev. 2001); *see
generally In re APF Co.*, 264 B.R. 344, 354 (Bankr. D. Del 2001)(Walsh, J.) (noting validity and
enforceability of debt and claim as requirement for setoff claim).

Thus, there is no dispute that a valid and enforceable contract exists.

With respect to performance tendered by the Plaintiff, the Defendant conceded in
the Answer that the Plaintiff "fully performed its obligations under the Notes." *See* Answer, at ¶
26 ("Admitted").

---

[13]    The cited pages of the Ferguson Transcript are annexed to the Barry Affidavit as Exhibit K.

Finally, the Defendant conceded in the Answer that the final maturity date of the

Third Note has passed (*see id.* at ¶ 24) and that the Defendant has made no payments in

satisfaction of the Third Note. *See id.* at ¶ 25. Thus, the Defendant has conceded he has

breached his obligations under the Third Note and, by conceding the Third Note is due and

owing yet remains unpaid, has conceded damages are due with respect to Count III in the amount

of $250,000 plus interest. *See also* Ferguson Transcript, quoted *supra*.

In sum, there exists no material issue of fact with respect to Count III of the

Complaint and, therefore, summary judgment should be awarded to the Plaintiff in the amount of

$250,000, plus interest at the rate of 2.75% per annum from January 1, 2003 until the Third Note

is paid, in accordance with the Third Note. As of November 1, 2006, the principal and interest

due on the Third Note was $278,033.72. Therefore, the Plaintiff's request summary judgment in

the amount of $278,033.72, plus interest at the rate of 2.75% per annum from November 1, 2006

until such judgment is paid.

### III. Because the Third Note is Unambiguous, It Must Be Construed as a Matter of Law and Reasonable Costs Should Be Awarded to the Plaintiff

The Third Note provides, in pertinent part,

> If any holder of this note retains an attorney…<u>to collect, <u>enforce or defend</u> this note…in any lawsuit</u>…, <u>reorganization, bankruptcy</u> or other proceeding, or if the Maker sues any holder in connection with this note</u> or any such papers <u>and does not prevail</u>, then <u>Maker agrees to pay</u> to each such holder, in addition to principal and interest, <u>all reasonable costs and expenses incurred by such holder</u> in trying to collect this note or <u>in any such suit or proceeding, including reasonable attorneys' fees</u>.

Third Note, at 1 (emphasis added). Under Texas law, in reviewing a contract, the Court must

"give terms their plain, ordinary, and generally accepted meaning unless the contract shows the

parties used them in a technical or different sense." *Trading Fair Houston, Inc. v. Signad, Inc.*,

2005 Tex. App. LEXIS 5636, *6 (Tex. July 19, 2005), *citing Heritage Res., Inc. v. NationsBank*,

9

939 S.W.2d 118, 121 (Tex. 1996). And, "[i]f the contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe it as a matter of law." *Trading Fair Houston, Inc.*, 2005 Tex. App. LEXIS 5636, at \*6-7 *citing Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *Cook Composites, Inc. v. Westlake Styrene Corp.*, 15 S.W.3d 124, 131 (Tex. App. – Houston [14th Dist.] 2000, pet. dism'd). Here summary judgment is appropriate given the clear and unambiguous language of the Third Note.

Here, the awarding of fees extends to those incurred by the Plaintiff in responding to the Defendant's Setoff Motion and the Appeal. The propriety of awarding reasonable attorneys' fees and costs arising from contract litigation in a bankruptcy context was addressed by this Court in *Agassi v. Planet Hollywood International, Inc.*, 269 B.R. 543 (D. Del. November 13, 2001). In *Agassi*, a number of professional athletes had entered into personal services contracts to promote the defendant's businesses. *See id.* at 543. The services contract contained an indemnification provision whereby the defendant was required to indemnify the plaintiffs for actions related to the services contracts, including any breach by the plaintiff. *See id.* at 545-546. The defendant filed bankruptcy and sought to assume the personal services contracts through its chapter 11 plan of reorganization. *See id.* at 547. The plaintiffs opposed assumption on the grounds that the contracts were non-assignable personal services contracts. The bankruptcy court sustained the objection. *See id.*

Thereafter, in accordance with the contracts' indemnification provisions, the plaintiffs requested that the defendant reimburse them for, among other things, attorneys fees related to the litigation over the "assumability" of the contracts. *See id.* When the defendants refused, the plaintiffs filed an action in this Court alleging, among other things, breach of

10

contract related to the defendant's failure to reimburse the plaintiffs' attorneys' fees in accordance with the contracts.

In ruling on the plaintiff's summary judgment motion, this Court stated that while "the Plaintiffs are not entitled to recover attorney's fees they incurred litigating bankruptcy issues…[since a]ttorney's fees are not independently recoverable under the Bankruptcy Code[,]…they may be recovered in bankruptcy proceedings under state law if the parties' contractual arrangement provides for the recovery of attorney's fees." *Id.* at 523 *citing In re Sokolowski*, 205 F.3d 532, 535 (2d Cir. 2000).

Although the plaintiffs in *Agassi* were denied attorneys' fees and costs, the Court's decision supports summary judgment on Count IV in the instant Adversary Proceeding for several reasons. First, not only does the parties' contractual arrangement unambiguously provide for the recovery of reasonable costs, including attorneys' fees, in "any lawsuit," but it specifically includes any "<u>reorganization</u>" or "<u>bankruptcy</u>" proceedings. Thus, the parties' contractual arrangement explicitly provides for the payment of reasonable costs under these circumstances. To read the clear language of the Third Note otherwise would render the phrase "reorganization, bankruptcy or other proceeding" meaningless.

Second, the issues litigated in the Plaintiff's bankruptcy case in connection with the Setoff Motion and the Appeal (*i.e.* setoff) are not rights and claims that arise in the context of a bankruptcy case like the "assumability" issue in *Agassi*. Rather, as the Defendant correctly points out in his Setoff Motion, "the Bankruptcy Code <u>preserves</u> [rather than creates] in bankruptcy the equitable right of setoff available at common law…." Setoff Motion, at ¶ 14. In

11

other words, simply because an issue is raised in a bankruptcy court does not, a *fortiori*, make it a "bankruptcy issue."[14]

Finally, under Texas law, a claim of setoff is counterclaim, which, here, the Defendant asserted as a counterclaim to the Third Note. *See Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 175 (5th Cir. 1994) ("Setoff is a form of equitable counterclaim…"). Through the Setoff Motion, Defendant sought to adjudicate the parties' rights vis-à-vis the Third Note. Therefore, in opposing the Setoff Motion, the Plaintiff was defending the Third Note since the claim that Defendant was attempting to setoff against the Third Note was against an entity other than the Plaintiff.[15] Because the Plaintiff was defending the Third Note – and continues to do so through the Appeal – the Defendant is contractually liable to the Plaintiff for its costs. This is especially so since the Defendant did not prevail on his Setoff Motion.

---

[14] This point is illustrated by none other than the Defendant's own pleadings. In his Answer, the Defendant raises setoff as an "affirmative defense" to the claims alleged in the Complaint. *See* Answer, at p. 5 ("Plaintiff's claims are barred by the common-law doctrine of set-off.") (emphasis added). In his Withdrawal Motion, the Defendant points out that "the pre-petition breach of contract claims raised in the Complaint are non-core in nature, because they raise no substantive right created by Title 11…and are claims that could have been made outside the context of the Plaintiff's bankruptcy case." Withdrawal Motion, at ¶ 4. In the Core Motion, the Defendant characterizes the Adversary Proceeding as "a simple breach of contract and collection action unrelated to Title 11 and as to which these Debtors' bankruptcy cases are functionally irrelevant." Core Motion, at ¶ 6. Thus, as the defendant concedes, the Plaintiff's claim under the Third Note is not a "bankruptcy issue," but is a "simple breach of contract and collection action…" Similarly, the Defendant's setoff claim – though raised in the bankruptcy case – is nothing more than a counterclaim having nothing "functionally" to do with the Plaintiff's bankruptcy case.

[15] In this regard, the Setoff Motion is no different than had the Defendant filed a declaratory judgment action in Texas state court or elsewhere seeking a setoff determination as was done in the *Capital Concepts* case cited *supra*.

Based on the foregoing, summary judgment is appropriate with respect to Count IV.[16]

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, the Plaintiff respectfully requests that this Court enter an order (i) granting summary judgment with respect to Count III of the Complaint in the amount of $278,033.72, plus interest at the rate of 2.75% per annum from November 1, 2006 until such judgment is paid in full; (ii) granting summary judgment with respect to Count IV of the Complaint; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: November 17, 2006
       Wilmington, Delaware

YOUNG CONAWAY STARGATT &TAYLOR, LLP

Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

– and –

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Justin G. Brass
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel for the Plaintiff

---

[16]  To the extent the Court grants summary judgment with respect to Count IV, the Plaintiff will file an application with the Court setting forth all costs, including attorneys' fees and costs, for a reasonableness determination by the Court.

DB01:2154230.5                                                                                      062883.1001

## CERTIFICATE OF SERVICE

I, Joseph M. Barry, Esquire, hereby certify that I am not less than 18 years of age and that on November 17, 2006, I caused a copy of the attached document to be served on the following party by Hand Delivery:

William D. Sullivan, Esq.
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801

Counsel for Daniel Ferguson

Joseph M. Barry (Delaware Bar No. 4221)

Dated: November 17, 2006