# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GARDEN RIDGE CORPORATION, *et al.*, ) | Case No. 04-10324 (KJC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| GARDEN RIDGE, L.P., ) | |
| ) | Civil Action No. 06-516 (GMS) |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | |
| DANIEL FERGUSON, ) | |
| ) | |
| Defendant. ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
Alan W. Kornberg
Justin G. Brass
1285 Avenue of the Americas
New York, New York  10019-6064
(212) 373-3000

Co-Counsel for the Plaintiff

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP
Pauline K. Morgan (Del. Bar No. 3650)
Joseph M. Barry (Del Bar No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-6600
*jbarry@ycst.com*

Co-Counsel for the Plaintiff

Dated: December 14, 2006

## TABLE OF CONTENTS

Page

ARGUMENTS ..................................................................................................................... 1

    I.     Partial Summary Judgment is Appropriate. ............................................................ 1

    II.    Merely Asserting the Existence of an Affirmative Defense is Insufficient to Defeat Plaintiff's SUmmary Judgment Motion ............................... 4

    III.   The Notes Expressly Permit Recovery of Attorneys' Fees. ................................... 7

    IV.   Plaintiff's Request for Attorneys' Fees is Not Premature. ................................... 10

    V.    The Notes Do Not Cap Attorneys Fees ................................................................ 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**Cases**

*Allegheny County Sanitary Authority v. EPA,*
   732 F.2d 1167 (3d Cir. 1984) ................................................................................... 3

*Citizens Bank of Maryland v. Strumpf,*
   516 U.S. 16, 17 (1995) ............................................................................................. 7

*Dollar Dry Dock Savings Bank v. Hudson Street Development Associates,*
   1995 U.S. Dist. LEXIS 9672, (S.D.N.Y. July 12, 1995) ........................................ 4

*Donald M. Durkin Contracting, Inc. v.*
   *City of Newark,* 2006 U.S. Dist. LEXIS 68221
   (D. Del. September 22, 2006) ................................................................................. 1

*Federal Deposit Insurance Corp. v. Giammettei,*
   34 F.3d 51 (2d Cir. 1994) ........................................................................................ 4

*Frankel v. ICD Holdings, S.A.,*
   930 F.Supp. 54 (S.D.N.Y. 1996) ............................................................................. 4

*Harper v. Delaware Valley Broadcasters, Inc.,*
   743 F. Supp. 1076 (D. Del. July 12, 1990)
   *aff'd* 932 F.2d 959 (3d Cir. 1991) (table opinion) .................................................. 4

*In re Anes,*
   195 F.3d 177 (3d Cir. 1999) .................................................................................... 7

*In re Elonex Patent Litigation,*
   2001 U.S. Dist. LEXIS 25515 (D. Del. February 2, 2001) ..................................... 1

*In re Garden Ridge Corporation,*
   338 B.R. 627 (Bankr. D. Del. 2006) ....................................................................... 9

*Kopacz v. Delaware River*
   *and Bay Authority,* 2005 U.S. Dist. LEXIS 20947
   (D. Del. September 26, 2005) ................................................................................. 1

*Local P-171, Amalgamated Meat Cutters*
   *& Butcher Workmen v. Thompson Farms Co.,*
   642 F.2d 1065 (7th Cir. 1981) ................................................................................. 3

*Proctor & Gamble Distributing Co. v. Amway Corp.,*
   280 F.3d 519 (5th Cir. 2002) .................................................................................. 9

*RePass v. Vreeland,*
    357 F.2d 801 (3d Cir. 1966)............................................................................................3

*Sussex Drug Products v. Kanasco, Ltd.,*
    920 F.2d 1150 (3d Cir. 1990)....................................................................................2, 3

*Thomas v. Capital Sec. Serv., Inc.,*
    812 F.2d 984 (5th Cir. 1987), vacated in part,
    reinstated in part, and remanded on other grounds,
    836 F.2d 866 (5th Cir. 1988) (same)..........................................................................10

*Venen v. Sweet,*
    758 F.2d 117 (3d Cir. 1985)........................................................................................9

**Statutes**

11 U.S.C. § 553(a) ............................................................................................................7

28 U.S.C. § 1927.............................................................................................................10

## PRELIMINARY STATEMENT

The Defendant admits in his Answering Brief that the Third Note is valid, and that all principal and interest due under the Third Note is validly owed to the Plaintiff. Despite this admission, the Defendant goes on to argue that summary judgment on Counts III and IV of the Complaint, which seek to recover under the Third Note, is not appropriate. In an attempt to avoid his obligation, the Defendant first claims that, despite years of jurisprudence to the contrary, this court cannot enter an order granting partial summary judgment. Furthermore, the Defendant argues that his mere assertion of affirmative defenses – without any factual basis for support – is sufficient to defeat the Plaintiff's Summary Judgment Motion. Moreover, the Defendant asserts that his vain attempt to assert setoff right through the Appeal – despite having failed to request or obtain a stay pending the Appeal – precludes this Court from entering summary judgment for the Plaintiff. Finally, the Defendant, by misreading the law and the clear language of the Third Note, claims that an award of attorneys fees is inappropriate. As discussed below, the Defendant's attempt to create procedural road blocks to his paying his debt to the Plaintiff are unavailing.[1]

## ARGUMENTS

### I. Partial Summary Judgment is Appropriate.

The Defendant asserts that, procedurally, partial summary judgment cannot be granted for two primary reasons – both of which are incorrect as a matter of law. First, the Defendant appears to contend that the Federal Rules of Civil Procedure provide no mechanism for "partial" summary judgment. This contention is simply incorrect and belied by the legions of cases

---

[1] Capitalized terms not otherwise defined herein shall have the meaning described to them in the Opening Brief.

adjudicating partial summary judgment motions. *See, e.g., Kopacz v. Delaware River and Bay Authority*, 2005 U.S. Dist. LEXIS 20947 (D. Del. September 26, 2005) (Sleet, J.) (granting defendant's motion for partial summary judgment as to availability of punitive damages to plaintiff); *In re Elonex Patent Litigation*, 2001 U.S. Dist. LEXIS 25515 (D. Del. February 2, 2001) (Sleet, J.) (granting defendant's motion for partial summary judgment with respect to interpretation of contract); *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 U.S. Dist. LEXIS 68221 (D. Del. September 22, 2006) (Sleet, J.) (granting, in part, plaintiff's motion for partial summary judgment).

Second, the Defendant contends that since all counts in the Complaint "stem from the collection of amounts allegedly due under the original and replacement notes," the Complaint alleges a single claim for relief and, as such, partial summary judgment is not "available to the Plaintiff."[2] This argument is similarly incorrect.

By its motion for partial summary judgment, the Plaintiff seeks not a partial adjudication of a "single claim," but rather a final adjudication of two separate claims. Counts I, II and III of the Complaint each allege breach of contract – but not breach of the same contract. Count III – breach of the Third Note – could have been brought by separate civil action, as could have Counts I and II. Alternatively, if any individual count of the Complaint had not been brought, it would have had no impact whatsoever on the validity on the remaining counts.

---

[2] The Defendant alleges that no demand for collection of the amounts due under the Third Note was made until the filing of the Complaint. This is inaccurate. On February 22, 2006, the Plaintiff, through counsel, communicated in writing to the Defendant, through counsel, the total amount due to the Plaintiff under the Third Note, including attorneys' fees and costs. In that letter, the Plaintiff offered, in order to forego a collection action and the Appeal, to accept a compromised amount if, among other things, the Defendant agreed to immediate payment. The letter made clear that, to the extent the Plaintiff's offer was not accepted, the Plaintiff would proceed with a collection action. The next day, the Defendant responded by "unequivocally reject[ing]" this offer. Twelve days later, the Plaintiff filed the Complaint.

The Defendant cites *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990) to support his argument that all counts of the Complaint constitute a "single claim," a partial judgment on which would not be final. While the *Sussex* Court stated that "'The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure[,]'" this case is not one of those instances. *Id.*, 920 F.2d at 1154. While there is no consensus as to what constitutes a "single claim" for purposes of stand-alone adjudication, the *Sussex* Court provided several examples, none of which apply to the case at bar:

- "Alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones." *Id.* at 1154 *citing Allegheny County Sanitary Authority v. EPA*, 732 F.2d 1167, 1172 (3d Cir. 1984).

- "Separate counts of a negligence complaint setting forth distinct theories of liability each of which contains the same two elements of damages state but a single claim." *Id. citing RePass v. Vreeland*, 357 F.2d 801, 804 (3d Cir. 1966).

- "'[C]laims cannot be separate unless separate recovery is possible on each.' Nor are they separate if they 'are so closely related that they would fall afoul of the rule against splitting claims if brought separately.'" *Id. quoting Local P-171, Amalgamated Meat Cutters & Butcher Workmen v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir. 1981).

Taking its example from the Supreme Court, the *Sussex* Court thought it "sufficient to recognize that a complaint asserting one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Sussex Drug Products*, 920 F.2d at 1154. Hypothetically, for example, had the Plaintiff's Complaint alleged, with respect to the Third Note, additional counts of unjust enrichment and fraud based exemplary damages, then it may be appropriate to conclude that these additional counts, together with the Plaintiff's breach claim, constitute a single claim. Here, however, each count of the Complaint represents a single, separate and distinct cause of action a recovery on which is not dependant on recovery on, or predicated on the same facts as, the others. Accordingly, the Defendant's argument that all counts of the complaint aggregate into a "single claim" is both incorrect on the facts and the law.

## II. Merely Asserting the Existence of an Affirmative Defense is Insufficient to Defeat Plaintiff's Summary Judgment Motion.

"[T]he mere assertion of affirmative defenses are [*sic*] insufficient to oppose [a] plaintiff's motion for summary judgment." *Insurance Company of North America v. Misch*, 1989 U.S. Dist. LEXIS 7414, *7 (W.D. Pa. 1989); *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1090 (D. Del. July 12, 1990) ("A party resisting summary judgment cannot expect to rely on the bare assertions or mere cataloguing of affirmative defenses.") *aff'd* 932 F.2d 959 (3d Cir. 1991) (table opinion). On a motion for summary judgment, it is not the movant's burden to disprove the non-movant's affirmative defenses when merely raised without support. *See Misch,* 1989 U.S. Dist. LEXIS at *8; *Frankel v. ICD Holdings, S.A.*, 930 F.Supp. 54, 65 (S.D.N.Y. 1996) ("one who relies upon an affirmative defense to defeat an otherwise meritorious motion for summary judgment must adduce evidence which…would permit judgment for the non-moving party on the basis of that defense.") *citing Federal Deposit Insurance Corp. v. Giammettei,* 34 F.3d 51, 54-55 (2d Cir. 1994) (plaintiff's motion for summary judgment striking affirmative defense proper where evidence, viewed in light most favorable to the defendant, "reveals the absence of evidence supporting an essential element of the defense"); *Dollar Dry Dock Savings Bank v. Hudson Street Development Associates,* 1995 U.S. Dist. LEXIS 9672, at *5 (S.D.N.Y. July 12, 1995) (burden is on defendant to adduce evidence supporting affirmative defense, not upon movant to negate its existence) (other citations omitted). The requirement that a non-moving party adduce facts to support its affirmative defenses in the face of summary judgment is especially strong since the non-moving party will bear the burden of proof as to those defenses at trial. *Harper*, 743 F. Supp. at 1090.

4

Here, the Defendant concedes – as he must – that the full amount of the Third Note is due and payable to the Plaintiff, including interest at the rate claimed in the Complaint.[3] The Defendant contests, however, the Debtors' ability to <u>actually</u> <u>collect</u> amounts due under the Third Note "in light of the affirmative defenses raised in his Answer to the Complaint." Answering Brief, at p. 9. With respect to his affirmative defenses, other than his asserted "defense" of setoff, the Defendant offers nothing to support the availability of those defenses.[4] Indeed, he barely mentions them by name, relegating all but setoff to a footnote in which he simply states "Mr. Ferguson has also asserted additional affirmative defenses to Counts III and IV of the Complaint, including estoppel and unclean hands, which may present genuine issues of material fact." *Id.* at p. 9, n.4. This bare assertion is simply insufficient to overcome the Plaintiff's Summary Judgment Motion. *See Harper*, 743 F. Supp. at 1090.

With respect to his asserted "defense" of setoff, the Defendant contends that the fact of the pendency of the Appeal – and that fact alone – is sufficient to deny the Plaintiff's Summary Judgment Motion. Again, the Defendant offers nothing to support this argument other than to state that judicial economy would not be served in granting the Plaintiff summary judgment. Again, this bare assertion is simply insufficient to overcome the Plaintiff's Summary Judgment Motion. *See Harper*, 743 F. Supp. at 1090.

If anything, the pendency of the Appeal <u>supports</u> summary judgment in favor of the Plaintiff. The Bankruptcy Court's ruling that setoff is not available to the Defendant is final unless and until reversed by an appellate court. *See In Continental Airlines, Inc.*, 145 B.R. 404,

---

[3] *See* Answering Brief at p.9. ("This Court need not hold further proceedings with respect to the Third Note itself, the rate of interest due on it, or the date from which interest must be calculated.")

[4] As discussed in the Plaintiff's Opening Brief, setoff is actually a counter-claim, as opposed to a defense, under applicable Texas law.

409 (D. Del. 1992) ("where a judgment determines an issue that judgment 'is final until reversed in an appellate court, or modified or set aside in the court of its rendition.'") *quoting Stoll v. Gottlieb,* 305 U.S. 165, 170 (1938) (internal quotation and citation in *Stoll* omitted). Since the Appeal itself is the product of an adjudication of that issue on the merits in the Plaintiff's favor, *res judicata* would bar the Defendant from arguing setoff as a defense at trial. *See In Continental Airlines, Inc.,* 145 B.R. at 409 ("The doctrine of *res judicata* applies with equal force to final judgments rendered by the bankruptcy courts and thus precludes relitigation in another bankruptcy proceeding and in other proceedings before Federal and State Courts.") *citing Stoll,* 305 U.S. at 170-72 (other citations omitted). Thus, absent a stay pending appeal – which the Defendant did not seek, much less obtain – the Court should not view the pendency of the Appeal as a fact militating against granting summary judgment. *See, e.g., Schuldiner v. Kmart Corporation,* 450 F.Supp.2d 605, 609 (E.D. Pa. September 21, 2006) (applying Pennsylvania principles of *res judicata,* stating "'Postponing finality of a judgment for purposes of *res judicata* until appellate review is concluded tends toward duplication of litigation, or its protraction, with the second action marking time until the entire process of appeal is completed in the first action…Holding that a judgment is final despite pendency of an appeal and is thus available for *res judicata* in a second action… seems the best general solution….'") *quoting Yonkers v. Borough,* 702 A.2d 618, 620-1 (Pa. 1997) *quoting Restatement of the Law, Second, Judgments* § 13 (1982). To deny summary judgment based on the pendency of the Appeal would not only effectively grant a stay to the Defendant (when he did not seek or obtain one), but would permit him to utilize setoff for tactical gain when *res judicata* clearly prohibits him from doing so. Such a result in untenable and should not be countenanced.

6

### III. The Notes Expressly Permit Recovery of Attorneys' Fees.

The Court need not look beyond the express language of the Third Note in order to reject the Defendant's argument that the Plaintiff's costs in connection with the Setoff Motion are not recoverable. The Third Note provides, in pertinent part,

> If any holder of this note retains an attorney…<u>to</u> collect, <u>enforce or defend this note…in any lawsuit…, reorganization, bankruptcy</u> or other proceeding, <u>or if the Maker sues any holder in connection with this note</u> or any such papers <u>and does not prevail</u>, then <u>Maker agrees to pay</u> to each such holder, in addition to principal and interest, <u>all reasonable costs and expenses incurred by such holder</u> in trying to collect this note or <u>in any such suit or proceeding, including reasonable attorneys' fees</u>.

Third Note, at 1 (emphasis added). The Defendant attempts to obfuscate the clarity of this language by contending that the scope of costs provided for under the Third Note is limited to (i) suits where the Plaintiff seeks to collect, (ii) the Defendant files bankruptcy, or (iii) the Defendant sues the Plaintiff and does not prevail. Even if the Debtors agreed with this narrow reading of the otherwise unambiguous language, the Plaintiff is still entitled to costs incurred in connection with the Setoff Motion.

As discussed more fully in the Plaintiff's Opening Brief, the Setoff Motion constituted a clear attack on the Third Note by the Defendant. By the Setoff Motion, the Defendant sought to be excused from his obligations under the Third Note because of an alleged obligation to him by a party <u>other</u> <u>than</u> <u>the</u> <u>Plaintiff</u>. The fact that the other party is affiliated with the Plaintiff is, as the Bankruptcy Court held, irrelevant. Since setoff is a counter-claim (not a defense) under Texas state law (*see* Opening Brief, at p. 12), the reality is that the Defendant sought a judicial determination that he did not have to pay the amounts due under the Third Note. As such, the

Plaintiff was forced by the Defendant's actions to "defend" the Third Note in a "proceeding" and, as the prevailing party, the Plaintiff is entitled to costs.[5]

What is more, the Defendant argues that the "bankruptcy" or "reorganization" language in the Third Note "refer[s] to a bankruptcy of Mr. Ferguson…not the Debtors filing of their own bankruptcy." Answering Brief, at p.15, n.6. The Third Note contains no such limitation and reading such a limitation into the Third Note would offend basic tenants contract interpretation and applicable Texas law. *See, e.g.,* Opening Brief, at pp. 9-10.

Finally, the Defendant dedicates a good portion of the Answering Brief to arguing that the issues adjudicated by the Bankruptcy Court in connection with the Setoff Motion were "bankruptcy issues" and, as such, the Plaintiff is not entitled to costs in prevailing on those issues.[6] Assuming for the moment that the Plaintiff is *per se* precluded from recovering attorneys' fees for prevailing on "bankruptcy issues" – which it is not – the Defendant is simply wrong, as a threshold matter, that it was "bankruptcy issues" that were adjudicated by the Bankruptcy Court.

It is well-settled that the Bankruptcy Code creates no independent right to setoff, rather, section 553 of the Bankruptcy Code merely preserves a party's otherwise valid setoff right under applicable state law. *See, e.g., Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 17 (1995) ("Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy."); *In re Anes*, 195 F.3d 177, 182 (3d Cir. 1999) ("With exceptions not relevant here,

---

[5] If the Defendant wished to use the pendency of the Appeal as a means of delaying an adjudication of the claims raised in this action, he should have sought a stay of this action pending the Appeal. He did not and the proper time for filing such a motion has long since passed.

[6] The Defendant does not contest in the Answering Brief that the Plaintiff was the prevailing party with respect to the setoff litigation in the Bankruptcy Court.

8

Congress has specified that bankruptcy law does not affect a creditor's right of setoff…"). As such, no "bankruptcy issue" is raised when a creditor asserts a claim of setoff in a bankruptcy case.

Despite his recent claim to the contrary that the "Setoff Motion was not an exercise of state law rights…," the Defendant's own papers acknowledge that the issues raised by the Setoff Motion are not "bankruptcy issues". Answering Brief, at p. 14. In the Setoff Motion itself, the Defendant contended that "Section 553 of the Bankruptcy Code preserves in bankruptcy the equitable right to setoff available at common law…" Setoff Motion, at ¶14.[7] The Defendant further contended in the Setoff Motion that "Setoff is proper under Texas law…Texas courts recognize the propriety of setoff…The setoff proposed would be proper under Texas law…" Setoff Motion, at ¶¶ 20-21. Similarly, in his reply to the Debtors' objection to the Setoff Motion, the Defendant argued that Texas law governed his employment by Garden Ridge Management, Inc., which, he argued, imputed his employment with Garden Ridge Management, Inc. to the Plaintiff under Texas law. The Defendant's post-trial brief before the Bankruptcy Court was no different.[8]

Similarly, the Defendant's argument that the Setoff Motion merely sought a determination that the Defendant's claim was entitled to secured, as opposed to unsecured, status under the Bankruptcy Code and/or the Debtors' Plan is a red herring. The Setoff Motion sought no such determination. In fact, in none of the documents filed by the Defendant in connection with the Setoff Motion is there any reference to the Defendant's claim being a secured claim in light of his purported setoff claim. Nowhere in those papers did the Defendant seek a

---

[7] A copy of the Setoff Motion is annexed as Exhibit A to the Barry Affidavit.

[8] Copies of the Defendant's reply and post-trial brief in the Bankruptcy Court litigation are annexed to the *Supplemental Affidavit of Joseph M. Barry* submitted in support of this Reply.

9

determination of secured status. Instead, by the Setoff Motion, the Defendant sought authority to <u>actually</u> <u>effect</u> the proposed setoff. That is to say, he sought a judicial determination that he need not live up to his obligations under the Third Note in light of his claim against a separate entity, Garden Ridge Management, Inc. No mention of the priority status of the Defendant's claim status is even made in the Setoff Motion.

The only component of the setoff dispute that could be considered a "bankruptcy issue" was the Defendant's argument that substantive consolidation of the bankruptcy estates of the Plaintiff and Garden Ridge Management, Inc. created mutuality for purposes of the Defendant's claimed setoff. However, the Bankruptcy Court outright rejected that claim – along with all others advanced by the Defendant – and characterized the Setoff Motion as "not well premised." *In re Garden Ridge Corporation*, 338 B.R. 627, 642 (Bankr. D. Del. 2006). Thus, despite the Defendant's recent attempt to artificially shoehorn the issues litigated in and adjudicated by the Bankruptcy Court as purely bankruptcy in nature, the doctrinal law on setoff and the Defendant's own documents disagree. As such, the Plaintiff is entitled to all costs associated with the Setoff Motion, Appeal and this action.

IV.  **Plaintiff's Request for Attorneys' Fees is Not Premature.**

The mere pendency of the Appeal does not render the Plaintiff's request for attorney's fees premature. The Third Circuit has held that "a district court, during the pendency of an appeal is not divested of jurisdiction to determine an application for attorney's fees." *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985) *citing West v. Keve*, 721 F.2d 91, 95 n. 5 (3d Cir. 1983). Because the Plaintiff's right to attorney's fees is collateral to the merits of the Appeal, this Court is neither divested of jurisdiction to consider the application, nor is it obligated to stay consideration of the collateral issue of the Plaintiff's right to recover attorney's fees. *See Proctor & Gamble Distributing Co. v. Amway Corp.*, 280 F.3d 519 (5th Cir. 2002) (holding that the

10

district court had jurisdiction to enter an order granting attorney's fees as a sanction under 28 U.S.C. § 1927, as such order was collateral to the merits of the appeal), *citing Thomas v. Capital Sec. Serv., Inc.*, 812 F.2d 984, 987 (5th Cir. 1987), *vacated in part, reinstated in part, and remanded on other grounds*, 836 F.2d 866 (5th Cir. 1988) (same); Wright, Miller, & Cooper, 15B FEDERAL PRACTICE AND PROCEDURE § 3915.6, at 338 (West 2d ed. 1992) ("The rule that appeal can and must be taken upon final disposition of all matters other than attorney fees leaves the district court free to continue proceedings on the fee request pending appeal."). Thus, the Court can, and should, make an appropriate award of costs to the Plaintiff.

## V.      The Notes Do Not Cap Attorneys Fees.

The Defendant's argument that the Third Note caps attorneys' fees at $25,000 is simply a misreading of the unambiguous language of the Third Note. The Third Note provides, in pertinent part, that

> [a]n amount equal to ten percent (10%) of the unpaid principal and accrued interest owing on this note when and if this note is placed in the hands of an attorney for collection after default is stipulated to be reasonable attorneys' fees unless a holder or any maker of this note timely pleads otherwise to a court of competent jurisdiction.

Nothing in this language suggests that it is a cap on attorneys fees. To the contrary, the language specifically states that a party can – as the Plaintiff has – plead another amount as reasonable attorneys' fees. In this regard, the language is a floor, as opposed to a cap, on reasonable attorneys' fees.[9] The Defendant's reading in this regard is simply wrong and, in any event, provides no basis to deny the Plaintiff's Summary Judgment Motion.

---

[9] As the Defendant knows, $25,000 is not ten percent of the principal and accrued interest under the Third Note. As the Defendant concedes, no payments have been made under the Third Note and interest has and continues to accrue. The Defendants' alleged $25,000 "cap" fails to account for three years' of accrued interest under the Third Note.

11

## CONCLUSION

WHEREFORE, for all the foregoing reasons and those set forth in the Summary Judgment Motion and Opening Brief, as supported by the Barry Affidavit, the Plaintiff respectfully requests that this Court enter an order (i) granting summary judgment with respect to Count III of the Complaint in the amount of $278,033.72, plus interest at the rate of 2.75% per annum from November 1, 2006 until such judgment is paid in full; (ii) granting summary judgment with respect to Count IV of the Complaint; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: December 14, 2006
      Wilmington, Delaware

YOUNG CONAWAY STARGATT &TAYLOR, LLP

Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

– and –

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Justin G. Brass
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel for the Plaintiff