IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | ) ) ) | Chapter 11 |
| GARDEN RIDGE CORPORATION, et al., | ) ) ) | Bankr. Case No. 04-10324 (KJC) |
| Debtors. | ) ) ) | Jointly Administered |
| GARDEN RIDGE, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 06-516-GMS |
| DANIEL FERGUSON, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM

**I.  INTRODUCTION**

Presently before the court is plaintiff Garden Ridge, L.P.'s ("GRLP") motion for partial summary judgment with respect to Count III and Count IV of the complaint filed in this action. (D.I. 8.) For the reasons that follow, the court will grant the plaintiff's motion.

**II.  BACKGROUND[1]**

In January 2001, the defendant, Daniel Ferguson ("Ferguson") was hired by Garden Ridge Management, Inc. ("GRM"). (D.I. 11 at 3.) On March 8, 2001, Ferguson executed a note in favor of GRLP in the principal amount of $250,000, plus interest at the rate of 5.75% per

---

[1] Much of the factual background surrounding this matter has been recited extensively in prior memoranda and orders entered in other, related proceedings involving these same parties. *See, e.g., In re Garden Ridge Corporation*, No. 06-213-GMS, 2008 U.S. Dist. LEXIS 105205 (D. Del. Dec. 28, 2008). As such, and because the court writes primarily for the parties, the court will address only the relevant, undisputed facts herein.

annum. (D.I. 9 at 4.) On January 1, 2002, Ferguson executed a second, replacement note in favor of GRLP in the principal amount of $250,000, plus interest at the rate of 2.75% per annum. (*Id.*) On January 1, 2003, Ferguson executed a third, replacement note (the "Third Note") in favor of GRLP in the principal amount of $250,000, plus interest at the rate of 2.75% per annum. (*Id.*)

The Third Note provides, in relevant part, that:

> If any holder of this note retains an attorney in connection with any [] default or to collect, enforce or defend this note . . . in any lawsuit . . . , reorganization, bankruptcy or other proceeding, or if the Maker sues any holder in connection with this note or any such papers and does not prevail, then Maker agrees to pay each such holder, in addition to principal and interest, all reasonable costs and expenses incurred by such holder in trying to collect this note or in any such suit or proceeding, including reasonable attorneys' fees.

(Third Note, at p. 1, the "Indemnification Provision".) According to its terms, the Third Note became due and payable upon the earlier of: (1) thirty (30) days after the closing of the sale of Ferguson's existing home in Michigan, (2) the date of Ferguson's termination of employment, or (3) December 31, 2003. (D.I. 9 at 5.) Ferguson's employment was terminated in September 2003. (*Id.*) The final maturity date of the Third Note has since passed. (*Id.*) To date, Ferguson has made no payments in satisfaction of the Third Note. (*Id.*)

On March 7, 2006, GRLP filed the complaint commencing this adversary proceeding against Ferguson.[2] (D.I. 9 at 3.) In that complaint, GRLP alleges that starting in 2001, while Ferguson was employed with GRM,[3] he executed the above-described, three notes in favor of

---

[2] On October 13, 2006, the court entered a stipulation and order consenting to the withdrawal of the adversary proceeding from the bankruptcy court to this court.

[3] GRM is the general partner of plaintiff GRLP.

GRLP, and that he subsequently breached his obligations under all three of these notes. (*Id.*) Specifically, Count III of the complaint seeks recovery from Ferguson under the Third Note in the principal amount of $250,000, plus interest at 2.75% per annum. (D.I. 11 at 1.) In addition, Count IV seeks attorneys' fees and costs incurred in collection of the note. (*Id.* at 2.)

On November 17, 2006, GRLP filed the instant motion for partial summary judgment with respect to Counts III and IV of the complaint. (D.I. 8.) Briefing on the motion was completed on December 14, 2006. (D.I. 13.)

### III. THE PARTIES' CONTENTIONS

GRLP contends that partial summary judgment should be granted in its favor on several grounds. GRLP contends that, as to Count III, summary judgment is appropriate because: (1) Ferguson admits to each element of that count; (2) there exists no genuine issue of material fact; and (3) GRLP is entitled to judgment as a matter of law. (D.I. 9 at 7.) Specifically, GLRP contends that Ferguson "concede[s] [that] he has breached his obligations under the Third Note", and that summary judgment should be awarded to GRLP "in the amount of $250,000 plus interest." (*Id.* at 9.) GRLP further contends that, as to Count IV, summary judgment is appropriate because: (1) the Third Note is unambiguous; and (2) according to its plain language, GRLP is entitled to judgment as a matter of law for reasonable attorneys' fees and expenses incurred in trying to "collect" and "in defending" the note. (*Id.* at 3-4.)

Ferguson counters that GRLP's motion should, at least in part, be denied. (D.I. 11 at 2-3.) Specifically, he contends that, as to Count III, GRLP "is not entitled to summary judgment on a portion of its claim for recovery . . . to the extent that there may be undisputed factual issues as to a specific portion of [GRLP's] claim". (*Id.* at 2.) He further contends that, as to Count IV,


GRLP "is not entitled to recover its attorneys' fees incurred in litigating [his] right to setoff . . . [because] [i]t does not involve collection of any of the notes." (*Id.* at 2-3.)

## IV. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the court may grant summary judgment only if the moving party shows that there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit. *Id.* at 247-48. An issue is "genuine" if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* at 249.

The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In addition, the court views the evidence in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *See Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 91 (3d Cir. 1999). Summary judgment is particularly appropriate where the nonmoving party has presented no evidence or inferences that would allow a reasonable mind to rule in its favor. *See Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 04-163-GMS, 2006 U.S. Dist. LEXIS 68221, at *12 (D. Del. Sept. 22, 2006).

## V. DISCUSSION

Here, after having considered the record on appeal, the parties' briefing, the applicable

law, and the standard for summary judgment, the court concludes that, as to both Counts III and IV of the complaint, there exist no issues of material fact, and GRLP is entitled to judgment in its favor as a matter of law. The court will, therefore, grant GRLP's motion for partial summary judgment with respect to each of these counts.[4]

### A.     Count III - GRLP's Breach of Contract Claim

Under Texas law,[5] the "elements of breach of contract are (1) the existence of a valid contract, (2) the performance or tendered performance of the claimant, (3) a breach of the contract by the defendant, and (4) damages resulting from that breach." *Goss v. Bobby D. Associates*, 94 S.W.3d 65, 68 (Tex. App. 2002). Here, the court concludes that, as to Count III: (1) the Third Note is a valid contract, (2) that GRLP tendered proper performance under the Third Note, (3) that Ferguson subsequently breached the Third Note, and that (4) GRLP is entitled to damages resulting from Ferguson's breach as a matter of law.

As GRLP correctly points out, Ferguson admits that the Third Note constitutes a valid and enforceable contract, and that his obligations under the contract remain due and owing. *See* D.I. 11 at 9. Indeed, in his response to this motion, Ferguson concedes as much. *Id.*

---

[4] As to Count III, the court grants summary judgment in its entirety. As to Count IV, however, summary judgment is limited to an award for only those reasonable attorneys' fees and costs GRLP incurred in prosecuting this adversary proceeding.

[5] It is undisputed that the Third Note is to be governed by and construed under Texas law. (*See* D.I. 9 at 7 n.12.)

5

Specifically, in his answering brief, Ferguson admits the following:

> [Ferguson] does not dispute the validity of the Third Note. He concedes that it is payable to [GRLP] in the amount of $250,000.00, plus interest at the rate of 2.75% per annum from January 1, 2003. This Court need not hold further proceedings with respect to the Third Note itself, the rate of interest due on it, or the date from which interest must be calculated. In this regard, [Ferguson] would not oppose the Court's issuance of an appropriate order pursuant to Fed.R.Civ.P. 56(d) narrowing the issues for trial.

*Id.* Ferguson also does not contest the fact that GRLP "fully performed its obligations" under the parties' agreement. *Id.* The court, therefore, concludes that there is no real dispute here, insofar as: (1) the Third Note constitutes a valid and enforceable contract between Ferguson and GRLP, and (2) Ferguson is obligated to pay GRLP under the terms of that contract.

Ferguson, however, contests GRLP's ability to "collect" on the Third Note. D.I. 11 at 9. Specifically, he contends that (1) "in light of the affirmative defenses raised in his Answer to the Complaint", *i.e.*, his claims for setoff, and (2) given that the setoff "issue" will not be resolved "until the appeals process has run its course," the court should deny GRLP's motion. The court does not agree. First, Ferguson fails to cite, and the court is unaware of, any controlling authority that supports this contention. Absent more, the court is simply not persuaded by this, otherwise, blanket assertion. Second, the court has previously addressed Ferguson's setoff argument in connection with another related bankruptcy appeal. *See In re Garden Ridge Corporation*, No. 06-213-GMS, 2008 U.S. Dist. LEXIS 105205, at * (D. Del. Dec. 28, 2008) (denying Ferguson's claim for setoff). In that case, the court affirmed the bankruptcy court's decision to construe "setoff narrowly" and holding that "the facts of [the *Garden Ridge*] case do not support Ferguson's claim for setoff." *Id.* Ferguson has not articulated or identified any reason for the court to reconsider its prior finding in this regard.

6

Therefore, since there exists no issues of material fact with respect to Count III of the complaint, the court awards summary judgment on this count to GRLP in the amount of $250,000, plus interest at the rate of 2.75% per annum from January 1, 2003 until the Third Note is paid.[6]

### B.   Count IV - GRLP's Claim for Reasonable Attorneys' Fees and Costs

Under Texas law, when interpreting a contract, the court must "give terms their plain, ordinary, and generally accepted meaning unless the contract shows the parties used them in a technical or different sense." *Trading Fair Houston, Inc. v. Signad, Inc.*, No. [], 2005 Tex. App. LEXIS 5636, at *6 (Tex. July 19, 2005). Moreover, if "the contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe it as a matter of law." *Id.* at *6-7 (citations omitted).

Here, as to Count IV, after reviewing the Third Note, including the Indemnification Provision, the court finds that it is unambiguous, and that according to its plain meaning, GRLP is entitled to judgment as a matter of law for reasonable attorneys' fees and expenses incurred in trying to collect on the note. Indeed, the Third Note unambiguously provides for the recovery of reasonable costs, including attorneys' fees, in "any lawsuit", which specifically includes any "reorganization" or "bankruptcy" proceedings. D.I. 9 at 11. To read the clear language of the Third Note otherwise would render the phrase "reorganization, bankruptcy or other proceeding" meaningless. Also, because there is no evidence that the parties intended for these terms to have some "technical or different" meaning, the court must give them "their plain, ordinary, and

---

[6] In its opening brief, GRLP states that the principal and interest due on the Third Note, as of November 1, 2006, is "$278,033.72." D.I. 9 at 9. Ferguson does not contest GRLP's contention in this regard.

7

generally accepted meaning." *Trading Fair Houston, Inc.*, 2005 Tex. App. LEXIS 5636, at *6. The court, therefore, finds that GRLP is entitled to a judgment for reasonable attorneys' fees and costs it incurred in prosecuting this adversary proceeding.

That said, the court is not convinced that GRLP is entitled to attorneys' fees and costs incurred in responding to Ferguson's setoff motion or his appeal of that motion in the bankruptcy court. After considering the parties' submissions and the legal authority cited therein, the court is simply not persuaded that the attorneys' fees and costs incurred in the main bankruptcy case in connection with Ferguson's setoff motion and appeal are, as a matter of law, "incurred in the collection or defense" of the Third Note.

Accordingly, as to Count IV of the complaint, since the language at issue is clear and unambiguous, and there exists no issues of material fact, the court concludes that GRLP is entitled to judgment as a matter of law for reasonable attorneys' fees and costs incurred in prosecuting this adversary proceeding.[7]

## VI. CONCLUSION

For the foregoing reasons, the plaintiff's motion for partial summary judgment (D.I. 8) with respect to Counts III and IV of the complaint is granted.

Dated: February 17, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[7] The court will permit the plaintiff to file, within ten (10) days of the docketing of this Memorandum and Order, an itemized application for reasonable attorneys' fees and expenses, which delineates the actual hours expended, the expenses incurred, and the specific tasks performed by plaintiff's counsel in prosecuting this adversary proceeding. The defendant will, likewise, be permitted to file a response to the plaintiff's itemized application within ten (10) days from the date of service of the plaintiff's submission.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ) | Chapter 11 |
| ) | |
| GARDEN RIDGE CORPORATION, *et al.*, ) | Bankr. Case No. 04-10324 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| GARDEN RIDGE, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-516-GMS |
| ) | |
| DANIEL FERGUSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The plaintiff's motion for partial summary judgment (D.I. 8) with respect to Counts III and IV of the complaint is GRANTED.[8]

Dated: February 17, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[8] As to Count III, the court grants summary judgment in its entirety. As to Count IV, however, summary judgment is limited to an award for only those reasonable attorneys' fees and costs GRLP incurred in prosecuting this adversary proceeding.